IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Phillip A. Sveum and Susan S. Sveum (Chapter 7)

Debtors. Case No. 12-15486

Stoughton Lumber Co. Inc.,

    Plaintiff

v. Adv. No. 13-3

Phillip A. Sveum and Susan S. Sveum,

    Defendants.

MEMORANDUM DECISION

This case is almost identical to *Stoughton Lumber Co. v. Sveum*, Adv. No. 13-2, also decided today. Debtors Phillip A. Sveum and Susan S. Sveum filed a joint voluntary Chapter 7 petition on October 2, 2012 (Case No. 12-15486). On January 3, plaintiff Stoughton Lumber Company, Inc., filed a complaint against the defendant-debtors, asserting that a settlement sum owed by debtor Phillip Sveum is nondischargeable as debt arising out of fraud or defalcation while acting in a fiduciary capacity. Debtor Susan Sveum was joined as a defendant because her marital property interests may be affected by this proceeding.

Debtors move for summary judgment to dismiss Stoughton's nondischargeability action. They argue that Stoughton's action rests on the same claim asserted against Peter Sveum in state court that was dismissed with prejudice on the merits and therefore should be barred by res judicata. Their motion is identical to that of debtors Peter and Susan L. Sveum in Adv. No. 13-2.

1

Peter and Phillip Sveum were co-defendants in the underlying state court case that is the basis of the res judicata argument. Therefore, for the reasons provided in the attached memorandum decision from Peter Sveum's case, res judicata does not bar Stougton's nondischargeability claim against Phillip and Susan S. Sveum. The debtors' motion must be denied. It may be so ordered.

Dated: July 8, 2013

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Peter A. Sveum and Susan L. Sveum,            (Chapter 7)

Debtors.            Case No. 12-15483

Stoughton Lumber Co. Inc.

Plaintiff,

v.            Adv. No. 13-2

Peter A. Sveum and Susan L. Sveum,

Defendants.

MEMORANDUM DECISION

On October 2, 2012, debtors Peter Sveum and Susan L. Sveum filed a joint Chapter 7 petition (Case No. 12-15483). On January 3, 2013, plaintiff Stoughton Lumber Company filed a complaint, asserting that a settlement sum owed by debtor Peter Sveum is nondischargeable as debt arising out of fraud or defalcation while acting in a fiduciary capacity. Debtor Susan Sveum was joined as a defendant because her marital property interests may be affected by this proceeding.

On January 13, 2011, Stoughton sued Peter Sveum, his brother Phillip Sveum, and Kegonsa Builders, Inc., *Stoughton Lumber Co. v. Kegonsa Builders, Inc. et al.*, No. 11-CV-220 (Cir. Ct. Dane Cnty. Wis. filed Jan. 13, 2011) ("Stoughton I"), alleging that the defendants were liable for misappropriation of trust funds held by Kegonsa pursuant to Wisconsin Statutes § 779.02(5). The parties settled under an agreement by which Stoughton was paid $100,000,

1

granted a promissory note in the amount of $550,000 guaranteed by Peter and Phillip Sveum, and granted a mortgage against a parcel of real estate. The parties stipulated, and the circuit court judge ordered, that Stoughton I was dismissed "with prejudice in its entirety, on the merits, and without costs to either party." Order, *Stoughton Lumber Co. v. Kegonsa Builders, Inc. et al.*, Case No. 11-CV-220 (Cir. Ct. Dane Cnty. Wis. June 14, 2011).

On July 16, 2012, Stoughton sued to collect on the promissory note from Peter Sveum, Phillip Sveum, and Kegonsa. *Stoughton Lumber Co. v. Kegonsa Builders, Inc. et al.*, Case No. 12-CV-2812 (Cir. Ct. Dane Cnty. Wis. filed July 16, 2012) ("Stoughton II"). On October 2, 2012, § 362(a) stayed that suit with respect to Peter Sveum and Phillip Sveum who had both filed for bankruptcy that day. On October 4, 2012, Stoughton obtained a default judgment against the remaining defendant, Kegonsa, in the amount of $589,638.10.

Debtors now move for summary judgment to dismiss Stoughton's nondischargeability action. They argue that Stoughton's action rests on the same claim asserted against Peter Sveum in Stoughton I that was dismissed with prejudice on the merits and therefore should be barred by res judicata.

Federal Rule of Bankruptcy Procedure 7056 provides that "Rule 56 F. R. Civ. P. applies in adversary proceedings . . . ." Fed. R. Bankr. P. 7056(a). Under Federal Rule of Civil Procedure 56, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For purposes of Rule 56, a material fact is one related to a disputed matter that might affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *see also In re Rieck*, 439 B.R. 698, 702 (Bankr. W.D. Wis. 2010).

2

Generally, state court judgments are given preclusive effect in federal courts. "[R]es judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 95-96, 101 S. Ct. 411, 415, 66 L. Ed. 2d 308 (1980) (citing *Younger v. Harris*, 401 U.S. 37, 43–45, 91 S.Ct. 746, 750–51, 27 L.Ed.2d 669 (1971)). "Indeed, though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state–court judgments whenever the courts of the State from which the judgments emerged would do so . . . ." *Allen*, 449 U.S. at 96. Under the Full Faith and Credit Act, "judicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . . ." 28 U.S.C. § 1738. In this case, Wisconsin law applies.

In Wisconsin, the doctrine of res judicata "provides that a final judgment 'is conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings.' " *A.B.C.G. Enterprises, Inc. v. First Bank Se., N.A.*, 184 Wis. 2d 465, 472-73, 515 N.W.2d 904, 906 (1994) (quoting *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis.2d 306, 310, 334 N.W.2d 883 (1983)). Res judicata requires: "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction." *N. States Power Co. v. Bugher*, 189 Wis. 2d 541, 551, 525 N.W.2d 723, 728 (1995) (internal citations omitted). In determining whether there is an "identity between the causes of action," Wisconsin has adopted the transactional analysis from the Restatement

3

(Second) of Judgments § 24 (1982). *A.B.C.G. Enterprises*, 184 Wis. 2d at 480-81 (citing *DePratt*, 113 Wis.2d at 310). Under the transactional analysis, " 'all claims arising out of one transaction or factual situation are treated as being part of a single cause of action and they are required to be litigated together.' " *A.B.C.G. Enterprises*, 184 Wis. 2d at 481 (quoting *Parks v. City of Madison,* 171 Wis.2d 730, 735, 492 N.W.2d 365 (Ct. App. 1992)).

The debtors cite *In re Dollie's Playhouse, Inc.*, as support for their position that the stipulation and state court judgment should have preclusive effect in this case. *In re Dollie's Playhouse, Inc.*, 481 F.3d 998 (7th Cir. 2007). In *Dollie's Playhouse*, the Seventh Circuit Court of Appeals affirmed the decision of the bankruptcy court that the debtor's adversary complaint was barred by res judicata. *Dollie's Playhouse*, 481 F.3d at 1000. The debtor argued that the claims in the bankruptcy case were different than the claim in the state court case—the debtor had sued for breach of contract in the state court proceeding, and then brought claims for breach of fiduciary duties and conversion of corporate assets in the bankruptcy case. Applying the "transactional" analysis for identity of claims, the Court of Appeals determined that even though the theories of relief were different, since a single group of operative facts gave rise to the assertions for relief, they were considered the same claim for purposes of res judicata. *Id.* at 1001. *Dollie's Playhouse* therefore implements the general rule that res judicata applies in bankruptcy cases. However, there is an exception for res judicata in nondischargeability proceedings.

In contrast to the general rule regarding preclusion in bankruptcy cases, the United States Supreme Court in *Brown v. Felsen* determined that res judicata does not apply in nondischargeability proceedings. *Brown v. Felsen*, 442 U.S. 127 (1979). Since *Brown*, "there is a general rule that state court judgments do not have res judicata effect on nondischargeability

4

actions under § 523." *In re Pujdak*, 462 B.R. 560, 569 (Bankr. D.S.C. 2011). The only way res judicata would apply in a nondischargeability action is if the state court actually rendered a decision on the issue of dischargeability: "If the claim is one with respect to which the bankruptcy court has concurrent jurisdiction and the judgment was actually rendered in a proceeding to determine the dischargeability of the debt by a nonbankruptcy court having concurrent jurisdiction, the judgment . . . must be given *res judicata* effect by the bankruptcy court." Robert E. Ginsberg, Robert D. Martin & Susan V. Kelley, *Ginsberg and Martin on Bankruptcy* § 11.07 (Current through 2013–1 Supp.).

The debtors cite *In re Moreno* as an example of a state court judgment given preclusive effect even in a nondischargeability action. *In re Moreno*, 414 B.R. 485 (W.D. Wis. 2009). However, in *Moreno* this court invoked collateral estoppel, which is not affected by the posture of a nondischargeability action. "Under *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) and *Pahlavi v. Ansari (In re Ansari),* 113 F.3d 17, 23 (4th Cir.1997), 'the correct preclusion principle in [a § 523] case is collateral estoppel, and not res judicata,' because a § 523 action cannot be the same cause as an underlying state-court cause of action." *In re Webb,* No. 08–743, 2009 WL 1139548, at *3 (Bankr.N.D. W. Va. Mar. 31, 2009) (citing *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

In *Brown*, the Supreme Court held that a state court stipulation and consent judgment that did not identify a cause of action upon which defendant's liability was based did not preclude a subsequent bankruptcy action for nondischargeability on the basis of fraud. *Brown*, 442 U.S. at 131. Although *Brown* was decided under the old Bankruptcy Act (formerly at 11 U.S.C. § 35), the current version of the Full Faith and Credit Act, passed in 1948, was in existence at the time.

5

The Supreme Court explained that bankruptcy raises a "new defense" against which creditors should have the opportunity to protect themselves:

> [P]etitioner readily concedes that the prior decree is binding. That is the cornerstone of his claim. He does not assert a new ground for recovery, nor does he attack the validity of the prior judgment. Rather, what he is attempting to meet here is the new defense of bankruptcy which respondent has interposed between petitioner and the sum determined to be due him.

*Id.* at 133. Even where a state court has concurrent jurisdiction on the issue of nondischargeability, it is unreasonable to have creditors bear the burden of raising nondischargeability in state court. That "would force an otherwise unwilling party to try [nondischargeability] questions to the hilt in order to protect himself against the mere possibility that a debtor might take bankruptcy in the future." *Id.* at 135. "In many cases, such litigation would prove, in the end, to have been entirely unnecessary . . . [a]nd absent trial on the merits, there is no particular reason to favor extraneous facts thrown into a record for [nondischargeability] purposes over facts adduced before the bankruptcy court." *Id.*

The Supreme Court recently confirmed the continued relevance of *Brown* in *Archer v. Warner*, and held that *Brown's* reasoning governs settlements in addition to stipulations and state court judgments. *Archer v. Warner*, 538 U.S. 314, 123 S. Ct. 1462, 155 L. Ed. 2d 454 (2003). In *Archer*, the parties had settled the state court lawsuit for a fixed sum and released related claims. When the defendant from the state court suit filed for bankruptcy, the plaintiff asserted that the settlement sum was nondischargeable. The Supreme Court held that *Brown* governed the outcome. Even though the settlement completely released each underlying state law claim, the settlement sum could still constitute debt for "money . . . obtained by . . . fraud." *Id.* at 319. There was no distinction from the case in *Brown* because a "debt embodied in the settlement of a

6

fraud case 'arises' no less 'out of' the underlying fraud than a debt embodied in a stipulation and consent decree." *Id.* at 321.

In *In re Schwartz*, the bankruptcy court for the Southern District of Texas determined that the holdings of *Brown* and *Archer* applied even where "the underlying fraud is twice removed from the debt." *In re Schwartz*, No. 07-30508, 2007 WL 3051865 (Bankr. S.D. Tex. Oct. 17, 2007). In *Schwartz*, the debt arose from a state court judgment which arose from breach of a settlement. Judge Isgur found it to be a difference without a distinction:

> In § 523 proceedings, the relevant inquiry focuses on the conduct from which the debt originally arose. Liable parties can not erase the history of a debt's origin through a settlement and subsequent breaches of the settlement. *Archer* and *Brown* hold that bankruptcy courts should look beyond the judgment or settlement to determine whether the underlying conduct included conduct prohibited by § 523.

*Schwartz*, 2007 WL 3051865 at *3. Therefore, the existence of a second suit should not affect the application of *Brown* and *Archer*.

In this case, the debtors seek a ruling on summary judgment that res judicata bars Stoughton's nondischargeability claim. The parties settled Stoughton's claims against the debtors for theft by contractor in state court, and the case was dismissed with prejudice and on the merits. Subsequently, the debtors filed bankruptcy, and Stoughton brought a nondischargeability claim for fraud or defalcation in a fiduciary capacity under 11 U.S.C. § 523(a)(4). The debtors argue that Stoughton cannot raise the same claim that was dismissed in the state court case as a ground for nondischargeability.

Under the reasoning of *Brown* and *Archer*, res judicata does not bar Stoughton's nondischargeability action. Stoughton could not have been expected to litigate the issue of nondischargeability in state court. The debtors are the ones who placed the underlying facts back into contention by seeking a discharge of what they already agreed to pay. While the state court

7

judgment dismissed the theft by contractor claims on the merits, the settlement debt may still have arisen out of fraud or defalcation in a fiduciary capacity. Stoughton should have the opportunity to defend against discharge.

Even without *Brown*, in cases where the bankruptcy court has exclusive jurisdiction over nondischargeability claims, res judicata cannot be satisfied. Bankruptcy courts have exclusive jurisdiction over § 523(a)(2), (4) and (6) actions. 11 U.S.C. § 523(c)(1); *see also In re Guseck*, 310 B.R. 400, 404 (Bankr. E.D. Wis. 2004). Therefore, even though there is an identity of claims because the nondischargeability action and the underlying state law claim arise out of the same factual situation, the nondischargeability action is not one which "might have been litigated in the former proceedings." *A.B.C.G. Enterprises*, 184 Wis.2d at 473; *see also In re Nemovitz*, 142 B.R. 472, 475 (Bankr. M.D. Fla. 1992) (holding that nondischargeability actions under § 523(a)(2), (4), or (6) cannot be barred by res judicata due to the reasons set forth in *Brown* and/or the exclusive jurisdiction of the bankruptcy court to hear those claims). The fact that Stoughton had filed a second suit in state court, which was stayed by the debtors filing for bankruptcy, does not affect the analysis. As Judge Isgur cogently explained, the relevant inquiry focuses on the conduct from which the debt originally arose. Therefore, because this court has exclusive jurisdiction to hear the nondischargeability action, and/or under the reasoning of *Brown*, res judicata does not bar Stoughton's nondischargeability claim. The debtors' motion must be denied. It may be so ordered.

Dated: July 8, 2013

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

8